```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**CORY ANTHONY SIMPSON,**

      **Plaintiff**

v.                                    Civil Action No. 2:09-cv-00021

**OFFICER KAPELUCK and**
**OFFICER C.J. HOWELL,**

      **Defendants**

<u>MEMORANDUM OPINION AND ORDER</u>

**Pending is plaintiff's appeal of an order of the United States Magistrate Judge denying plaintiff's motion for appointment of counsel entered July 27, 2009, filed August 6, 2009.**

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States

Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

Plaintiff appeals the magistrate judge's order denying his motion for appointment of counsel on the grounds that he lacks the capacity to represent himself due to his bipolar disorder, learning disability, medication and his lack of understanding of the law.  The magistrate judge considered the abilities of the plaintiff in making her finding that "Plaintiff has the capacity to present his claims, and that Plaintiff has a

basic understanding of the legal procedures to be followed." (Order Denying Mot. for Appointment of Counsel 3). The plaintiff has not shown that this finding forming the basis of the order appealed from was either clearly erroneous or contrary to law.

Based upon the foregoing, it is ORDERED that the order of the magistrate judge be, and it hereby is, affirmed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: September 16, 2009

John T. Copenhaver, Jr.
United States District Judge